THE UNION BANK OF LOUISIANA *v.* DAVID T. BAGLEY.

The cashier of the branch of a bank, may, as an act of administration, accept the
surrender of a debtor of the bank, and vote for a syndic; but without an express
and special authority from the directors, he cannot discharge the insolvent. The
granting of such a discharge is an act of ownership, and not of administration.
C. C. 2965, 2966.

The discharge of an insolvent who has made a *cessio bonorum*, granted by the cre-
ditors, is not an absolute remission of the debt: It rather releases the person of
the debtor, than extinguishes the debt itself, which will continue to exist for any
balance not paid out of the assets surrendered.

APPEAL from the District Court of St. Tammany, *Jones,* J.
*Halsey* and *Denis,* for the plaintiffs.
*Penn* and *A. Hennen,* for the appellant.

MORPHY, J.    The defendant is appellant from a judgment de-
creeing certain property in his possession, to be sold under a
mortgage on the same, held by the plaintiffs.    The property had
been mortgaged in 1833, by Elijah Martin Terrell, to secure 24
shares of the stock of the Union Bank of Louisiana, upon which
he subsequently obtained a loan of $1080, and executed his
bond for the amount, which is now reduced to $840.    In 1838,
Terrell sold the property to the present defendant, subject to the
mortgage securing the shares, which were also included in the
sale.    In 1841, E. M. Terrell made a surrender of his property
to his creditors, and placed upon his *bilan* his aforesaid bond
to the bank, together with divers other notes and obligations
due to that corporation, some of which were secured by mort-
gage, while the others were ordinary debts.    William A. Read,
the cashier of the branch of the Union Bank at Covington, ap-
peared at the meeting of the creditors, and, after voting for a
syndic and accepting the surrender, granted the insolvent a dis-
charge; but it does not appear, that he was authorized to give
such discharge by any order or resolution of the bank.    It is
urged, on the part of the defendant, that the discharge given to
Terrell, the mortgagor, by the plaintiffs' agent, extinguished the
debt, and, with it, the mortgage on the property in his posses-
sion; and, in support of the cashier's power to give such a dis-

charge, as administrator of the affairs of the bank, we have been referred to divers passages of Pothier and Duranton. The authorities relied on do not, in our opinion, show that the cashier was authorized, *virtute officii*, to grant a discharge to the insolvent. They speak of cases where the agent, as the only means of saving a part of the claim due by an insolvent, is obliged to abandon or remit the surplus. Under such circumstances, it is said, that the remission of a part of the debt, may be viewed as an act of administration. 2 Poth. Oblig. No. 583. 12 Duranton, No. 347. But, in the present case, the discharge was not an act necessary to save any of the rights of the principal, nor was it necessary to enable such principal to share in the distribution of the property surrendered. The cashier could accept the surrender, vote for a syndic, &c. ; but he had no authority to discharge the insolvent without a special power to that effect. Such a discharge was an act of ownership, and not one of administration. An express power was, therefore, necessary. Civil Code, arts. 2965, 2966. But even were the cashier to be considered as authorized to give the insolvent a discharge, it is by no means obvious that it would have the effect contended for. Such a discharge is not an absolute remission of the debt. It is the species of discharge mentioned in art. 2173 of the Civil Code, which is a release of the debtor from his personal obligation to his creditor, and can be given in opposition to the wishes of the latter. In the words of Pothier, "*magis eximit personam debitoris ab obligatione, quám extinguit obligationem.*" It looks to the future liability of the debtor for such surplus of the debt, as shall not be satisfied out of the property mortgaged to secure it, or out of the general assets of the estate surrendered ; but leaves the debts in force, with all its accessories, until such settlement, or liquidation takes place. If the property mortgaged to pay the debt has passed into the hands of a third possessor, why should not the mortgage creditor have his recourse upon it, notwithstanding such a discharge, in the same manner as he enjoys his mortgage on the property, if it has been surrendered by the debtor ? But, be this as it may, the cashier, as we have seen, was without authority to grant a discharge to the insolvent.

*Judgment affirmed.*