JAMES REED and others *v.* THOMAS POWELL.

The powers and duties of the officers of a bank being defined by its charter and by-laws, they will, when acting within the sphere of their respective duties, represent the corporation, and bind it by their acts; but in other matters they can only represent or act for it when authorized by a resolution of the board of directors.

A cashier of a bank has no authority, by virtue of his office, to represent the bank at a meeting of the creditors of an insolvent, and to vote for a syndic. A resolution of the board of directors can alone empower him to do so. But a ratification by the directors of the acts of a cashier who had voted at a meeting of creditors without authority, made after the proceedings before the notary were closed, and the ten days had expired after which the rights of the parties claiming the syndicship became fixed, cannot affect rights previously acquired. C. C. 1789, 2252. Act 20 February, 1817.

APPEAL from the District Court of the First District, *Buchanan,* J.

*J. C. Clark* and *F. B. Conrad,* for the appellants, cited *The Union Bank* v. *Bagley,* 10 Robinson, 43.

*Hoffman,* contrà, cited Civil Code, arts. 2252, 1789. 3 Delvincourt, pp. 380, 381 *note.* Story on Agency, 245, 250, 346–7.

*Olney* v. *Walker*, 12 La. 245.   8 La. 568.   7 Mart. N. S. 374.
10 La. 516.   9 La. 392–6.

Morphy, J.   This appeal is taken by Wm. H. Wheaton, from
a judgment sustaining an opposition to his appointment as syn-
dic of the creditors of Thomas Powell, and declaring John D.
Fink to be the duly appointed syndic of the estate.   Several
votes received by Wheaton were objected to as illegal at the
meeting of the creditors of the insolvent, and in the opposition
subsequently filed in the court below; but, under an agreement
in the record, we are to confine our attention to that given him
by N. N. Wilkinson, as cashier of the Canal Bank for $38,892,
which was rejected by the judgment appealed from, on the
ground that the cashier was without authority to give such
vote.

The facts of the case appear to be that, on the 16th of Sep-
tember, 1844, when the creditors met, the directors of the Canal
Bank were all absent from the city, with the exception of Glen-
dy Burke, the president.   The cashier considered himself author-
ized to represent the bank, and, after consulting with the presi-
dent, he appeared at the meeting, made oath to the amount of
Powell's indebtedness to the bank, voted for W. H. Wheaton to
be syndic, dispensed, on behalf of the bank, with the security
required by law, and directed the property surrendered to be sold
for cash.   On the 9th of October following, a meeting of the
directors took place, at which the cashier reported to the board
that, in the absence of a quorum from the city, he had appeared
on behalf of the bank at a meeting of Powell's creditors, and
had there voted for W. H. Wheaton to be the syndic of the es-
tate.   A resolution was then passed approving the vote thus
given by the cashier in favor of Wheaton.   It is urged by the
appellant's counsel that the vote of the cashier should have been
counted by the judge below; that it was a mere act of admin-
istration to which he was fully competent, and which grew out
of the necessity of the case, no *quorum* of the board being pres-
ent in the city.   The directors are the general agents and ad-
ministrators of the corporation, and by the charter are empow-
ered to appoint such officers and sub-agents as may be neces-
sary for the transaction of its business.   The powers and duties

of these officers are defined by the charter and by-laws of the bank. Within the sphere of their respective duties, they represent the corporation, and bind it by their acts; but in all matters and things not properly belonging to their office, they cannot represent or act for the corporation, unless specially or generally authorized so to do by a resolution of the board. Thus the cashier, who is entrusted with the transaction of the banking business of the corporation, needs no special authority to do and perform any act required for the proper management and dispatch of the same; but when it becomes necessary for the corporation to appoint an agent for any particular purpose, or to do any other thing not properly belonging to the duties of his office, he has no better right to act than any other person. To say that he can make such an appointment, or do any other act on behalf of the corporation, because it is a mere act of administration, would be to make the cashier its general agent and administrator, instead of the board of directors. We conclude that N. N. Wilkinson was without authority, *virtute officii*, to represent the Canal Bank at the meeting of the creditors, and to vote for a syndic on its behalf, and could have done it legally only under a resolution of the board. If so, the absence of the directors, or their neglect to attend to their duties, could not confer upon him such authority. In the case of *The Union Bank* v. *Bagley* (10 Rob. 43), which is relied on by the appellants, the cashier of the branch at Covington had appeared at a meeting of creditors, voted for a syndic, and discharged the insolvent. His right to appear for the bank and vote for a syndic was not contested. The only question before the court was, whether he could validly have granted such discharge, without an express power from the board to that effect? We held that he could not, as the granting of a discharge was an act of alienation, which should have been expressly authorized. But it is insisted that if Wilkinson was without authority to represent the bank, his acts were ratified by the board, and that such ratification relates back to the time when these acts were done. This is true; but the limitation to the rule is, that such ratification shall not affect or impair rights legally acquired in the mean time. The board ratified the vote of the cashier only after the pro-

ceedings before the notary were closed, and when the ten days had expired, after which the rights of the parties claiming to be syndic became fixed by law. The votes legally given, and which alone could then be counted, gave Fink a large majority. His rights as a third party being once vested, could not be affected by anything done afterwards. Civil Code, arts. 2252, 1789. B. & C.'s Dig. p. 490. Angel & Ames on Corporations, p. 174. Story on Agency, No. 246.

*Judgment affirmed.*